UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDRICK KELLER,
      Plaintiff,

vs.                         Case No.: 3:23cv3451/MW/ZCB

ESCAMBIA COUNTY JAIL,
CAMP 5,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). Exercising its statutory screening obligation under 28 U.S.C. § 1915(e)(2)(B), the Court previously issued an order that identified deficiencies in Plaintiff's complaint and instructed him to either amend the pleading or voluntarily dismiss the case.[1] (Doc. 6). Plaintiff has now filed an amended complaint. (Doc. 7). The Court has screened the amended complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons below,

---

[1] A *pro se* plaintiff generally should be provided with an opportunity to amend before the district court dismisses the action at the screening stage for failure to state a claim. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

dismissal is warranted because the amended complaint, like the initial complaint, fails to state a claim upon which relief may be granted.  Indeed, the amended complaint suffers from the same defects as the initial complaint.

## I.     Background

Plaintiff's amended complaint names two Defendants:  Escambia County Jail and Escambia County Road Prison/Work Camp.  (Doc. 7 at 1-3).  Plaintiff's allegations concern the conditions of his confinement at those facilities.  (*Id*. at 5-6).  Plaintiff specifically complains about mold exposure, being housed in a unit that "was said to be closed down," and being "locked down" for 20 hours a day.  (*Id*.).  He also alleges that he was not provided with medical treatment for nosebleeds and Post-Traumatic Stress Disorder (PTSD).  (*Id.*).  Plaintiff's amended complaint does not include a statement of the federal claims that he is asserting against Defendants, nor does it indicate the relief he seeks from them.

## II.     Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.    Discussion

**A.    Plaintiff has not named a Defendant that is subject to suit under 42 U.S.C. § 1983**

Plaintiff has named two county correctional facilities as Defendants—the Escambia County Jail located on Pace Boulevard in Pensacola, and the Escambia County Road Prison/Work Camp located on Highway 297A in Cantonment. (Doc. 7 at 2-3). The Court previously notified Plaintiff that a county correctional facility

is not a legal entity that can be sued under 42 U.S.C. § 1983. (Doc. 6 at 3-4). In its

prior order, the Court explained to Plaintiff that the capacity to be sued in federal

court is governed by the law of the state in which the district court is located. (*Id*.)

(citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). And the Court told

Plaintiff the following:

> Under Florida law, there are constitutionally created political
> subdivisions called counties and separately created constitutional
> officers. *See* Fla. Const. Art. VIII, §§ 1(a) and (d). Florida does not
> provide, either constitutionally or statutorily for a county jail facility as
> a separate legal entity, an agency of the county, or a corporate entity.
> Therefore, a county jail is not an entity subject to suit under § 1983.
> *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999)
> (indicating that a department which is an integral part of a local
> government's policing function is not an entity subject to suit under
> § 1983); *see also, e.g.*, *Heckman v. Hall*, No. 3:07cv268/MCR/MD,
> 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007) (holding that a
> county jail is not an actionable legal entity because it does not enjoy a
> separate legal existence independent of the county or the sheriff's
> office), *report and recommendation adopted by* 2007 WL 2428487
> (N.D. Fla. Aug. 27, 2007).

(Doc. 7 at 3-4). The Court also instructed Plaintiff that if he wished to proceed with

the case "he must name a Defendant that is subject to suit under § 1983." (*Id*. at 4).

Despite that clear instruction, Plaintiff has filed an amended complaint that

once again names county correctional facilities (the county jail and a work camp) as

the only Defendants. As stated above, such facilities are not subject to suit under

§ 1983. Because the named Defendants are not subject to suit under § 1983, Plaintiff

4

has failed to state a claim for relief upon which relief can be granted. *See Dean*, 951 F.2d at 1214 (affirming dismissal of § 1983 suit against a sheriff's department because it "lacks the capacity to be sued" under state law); *see also Cotton v. Rockett*, 2019 WL 7584528, at *5 (N.D. Fla. Dec. 18, 2019), *adopted by* 2020 WL 234621 (citing cases for the proposition that a county jail is not a separate legal entity under Florida law); *Brand v. Boles*, 2015 WL 1729441, at *5 (N.D. Fla. Apr. 15, 2015) (finding that the plaintiff's claims "against the Escambia County Jail…fail, as the Escambia County Jail is not a proper defendant"); *Farmer v. Escambia Cnty. Jail*, No. 3:21cv3120, 2022 WL 1176754, at *2 (N.D. Fla. Mar. 17, 2022), *adopted by* 2022 WL 1173348 (dismissing case against the Escambia County Jail for failure to state a claim because the county jail is not a proper defendant under § 1983).

The Court previously provided Plaintiff with notice and an opportunity to correct this very issue by filing an amended complaint that named a proper Defendant(s). Instead, Plaintiff filed an amended complaint that suffers from the same problem. It is "long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint." *Taylor v. Jefferson Energy Cooperative*, CV 123-002, 2023 WL 2949166, at *4 (S.D. Ga. Mar. 13, 2013); *see*

*also* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or court order").  Dismissal, therefore, is appropriate.

**B.    Plaintiff's allegations fail to state claim for relief under § 1983**

Dismissal is also appropriate because the factual allegations in the amended complaint are insufficient to state a claim for relief under 42 U.S.C. § 1983.  As the Court previously told Plaintiff, two things must be shown in a § 1983 case:  (1) conduct by a person acting under color of state law; and (2) a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  (*See* Doc. 6 at 4-5); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)  The Court further instructed Plaintiff that if he chose to file an amended complaint, then he needed to identify the constitutional rights or federal laws that he believed were violated.  (Doc. 6 at 6).

Despite that instruction, Plaintiff's amended complaint does not identify a federal constitutional or statutory right that was violated by Defendants.  (Doc. 7 at 5-6).   Although Plaintiff is proceeding *pro se*, the Court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).  Absent an allegation that the conditions deprived him of a federal right, Plaintiff's pleading fails to state a claim upon which relief may be granted under § 1983.

6

### IV.   Conclusion

The Court previously notified Plaintiff that to survive dismissal at the statutory screening stage, he must name a suable entity as a Defendant and he must assert a violation of a federal right.  The Court provided Plaintiff an opportunity to satisfy those requirements by filing an amended complaint.  Despite this notice and opportunity to correct the identified deficiencies, Plaintiff's amended complaint suffers from the same deficiencies as his initial complaint.  For this reason, the amended complaint should be dismissed for failure to state a claim upon which relief may be granted, under § 1915(e)(2)(B)(ii).

Accordingly, it is respectfully **RECOMMENDED**:

1.     This action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2.     The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 11th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any</u>**

7

**different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**